## JARVIS v. BROOKLYN EL. R. Co.

*(City Court of Brooklyn, General Term.  October 26, 1891.)*

1. NEGLIGENCE—DANGEROUS PREMISES—ELEVATED RAILROAD STATION.

   In an action for injuries received in a fall from the unguarded end of defendant's elevated railroad station platform, there was evidence that plaintiff, desiring to travel on the road, ascended to the station platform, which was between the two tracks, and, while in search of a door of the urinal, fell from the unguarded end of the platform to the street below; that the platform was not lighted, save at the head of the steps; that a guard-rail was in common use to protect the ends of elevated railroad station platforms; and that the plan for the station in question called for a guard.  *Held*, that a verdict for plaintiff would not be disturbed.

2. SAME—EVIDENCE—SIMILAR STRUCTURES.

   Where negligent defective construction is charged, testimony is admissible to show that structures of a similiar class are or are not generally constructed in a similar manner; and, in an action for injuries caused by falling from the unguarded end of defendant's elevated railroad station platform while looking for a urinal, plaintiff may show that on all other elevated railroads the exposed ends of platforms are guarded in some way, and that urinals are in use on such roads.

3. SAME—SIMILAR ACCIDENTS.

   In an action for injuries caused by falling from the unguarded end of defendant's elevated railroad station platform, it is not error to refuse to allow defendant's superintendent to testify that he never heard of any one walking off elevated railroad platforms, where it does not appear that there were any such unguarded platforms.

Appeal from trial term.

Action by Orville T. Jarvis against the Brooklyn Elevated Railroad Company to recover for personal injuries alleged to have been caused by alleged negligence of defendant.  From a judgment entered on a verdict for plaintiff, and from an order denying a motion for a new trial, defendant appeals.  Affirmed.

Argued before VAN WYCK and OSBORNE, JJ.

*M. L. Towns*, for plaintiff.  *Hoadley, Lauterbach & Johnson*, for defendant.

VAN WYCK, J.  This is an appeal from a judgment in favor of the plaintiff for injuries claimed to have been caused solely by the negligence of defendant, and from an order denying motion for new trial.  There is testimony in this case which, if credited, would justify the jury in finding that plaintiff, at 12 o'clock at night, while sober, and desirous of using defendant's road, ascended the stairs to the station platform, which was located between the down and up tracks; that when he reached the platform, which was dimly lighted near the head of the steps, and not at all on the other parts thereof, he saw in front of him the waiting-room, and, desiring to relieve his bladder, he went forward in search of a door to the urinal; that this waiting-room was in the middle of the platform, with a three feet wide passage-way on each side thereof, one along the up and the other along the down track; that at the end of the passage-ways there was no guard-rail or fence to warn or prevent one from stepping or falling in the street; that the plaintiff proceeded along one of these passage-ways in search of the door, and stepped or fell off the end of this unprotected platform into the street, 31 feet below, and received thereby serious injuries; that no one warned him of the dangers, and it was too dark to discern the same; that it was the only point on the platform from which he could have fallen to the street, for the other parts were all guarded, except along the tracks, and the fall there would only have been a short distance to the track; that the guard-rail or fence is in common and universal use along the exposed edge of all elevated railroad stations; that the architect's plans of this very platform contemplated such guard-rail at this very point, though the superintendent said they intended to change the plan in this respect by placing such a guard-rail across the other end of such passageway, nearest to the steps.  The verdict indicates that the jury, in the

exercise of their prerogatives, believed this testimony. In our opinion, upon these facts, the court was bound to impose upon the jury the duty of deciding whether or not the defendant and its servants used that degree of care which persons of ordinary prudence and experience should have done under such circumstances, and also whether or not the plaintiff was guilty of contributory negligence. After a critical examination of all the evidence, we see no reason to disturb the jury's disposition of these questions. "Plaintiff's Exhibit No. 1" was produced by defendant, and shown to be the architect's drawing of the guard-rail contemplated to be placed at this end of the platform, though the superintendent testified they contemplated a change of this plan by placing the guard across the end of this passage-way nearest to the steps, which would have served as a like protection. This tends to show that it was recognized by defendant to be a necessary protection. "Plaintiff's Exhibit No. 2" was also produced by the defendant, and shown to be a correct diagram of the station, and error cannot be predicated thereupon. The exceptions were not well taken. Where negligent or defective construction is charged, it is usual to admit testimony to show that structures of a similar class are or are not generally constructed in the same manner; therefore the plaintiff was properly permitted to show that on all other elevated railroads the exposed edges of the platform were guarded in some way. The testimony that urinals were in use on elevated railroad stations in no way injured the defendant, and tended to explain plaintiff's search for one on this occasion. The court properly refused to allow defendant's superintendent to testify that he never heard of any one walking off elevated railroad platforms, for it was not shown that there were any such unguarded platforms to walk off, except the one in question, and he did testify that no such accident had happened there before. The defendant's requests to charge had been covered by the judge's charge that the plaintiff could not recover unless he established the negligence of defendant by a fair preponderance of evidence. This disposes of the exceptions called to our attention by appellant's counsel. The judgment and order must be affirmed, with costs.